IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CITY OF PONTIAC GENERAL ) | |
| EMPLOYEES' RETIREMENT ) | |
| SYSTEM ) | NO. 3-12-0457 |
| ) | JUDGE CAMPBELL |
| v. ) | |
| ) | |
| WAL-MART STORES, INC., et al. ) | |

MEMORANDUM

Pending before the Court is Defendant Wal-Mart's Motion to Transfer Venue to the Western District of Arkansas (Docket No. 27). For the reasons stated herein, Defendant's Motion is GRANTED, and the Clerk is directed to transfer this action to the U.S. District Court for the Western District of Arkansas.

FACTS

Plaintiff , retirement administrator for the city of Pontiac, Michigan, filed this action against Defendant Wal-mart and others, alleging securities violations related to alleged materially false and misleading statements regarding Defendant's rules and practices with respect to ethics and claiming that Defendant was involved in an alleged corruption scheme in Mexico.

Plaintiff is headquartered and operates in Michigan. Defendant is headquartered in Arkansas. Plaintiff alleges that Defendant has numerous operations located in Tennessee, although Plaintiff does not dispute that those same connections exist in all fifty states. None of the Defendants, individual or corporate, resides in Tennessee. The Plaintiff alleges no connection to Tennessee other than some of its counsel reside here.

MOTION TO TRANSFER

Defendant seeks transfer of this action pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1]  Ordinarily, the burden of proving that transfer is warranted is on the moving party and the burden is a substantial one.  *Smith v. Kyphon, Inc.*, 578 F.Supp.2d 954, 958 (M.D. Tenn. 2008). As the permissible language of the transfer statute suggests, district courts have broad discretion to determine when party convenience or the interest of justice make a transfer appropriate.  *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

In reviewing a motion to transfer, the court is to balance all relevant factors, including the private interests[2] of the parties and public-interest concerns,[3] such as systemic integrity and fairness, which comes under the rubric of 'interests of justice.'"  *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991); *Reese*, 574 F.3d at 320.

Convenience of non-party witnesses, as opposed to parties or employee witnesses, is one of the most important factors in the transfer analysis.  *Smith*, 578 F.Supp.2d at 963.  Transfer of venue is inappropriate where it would serve only to transfer the inconvenience from one party to the other.  *Diebold, Inc. v. Firstcard Financial Services, Inc.*, 104 F.Supp.2d 758, 764 (N.D. Ohio 2000).

---

[1] The parties do not dispute that the Western District of Arkansas is a district in which this action might have been brought.

[2] Convenience of the parties and witnesses, relative ease of access to sources of proof, availability of process to compel attendance of unwilling witnesses, cost of obtaining willing witnesses, and practical problems indicating where the case can be tried more expeditiously and inexpensively.  *Smith*, 578 F.Supp.2d at 962.

[3] Enforceability of the judgment, practical considerations affecting trial management, docket congestion, local interest in deciding local controversies at home, public policies of the fora, familiarity of the trial judge with the applicable state law.  *Smith*, 578 F. Supp.2d at 962.

While a plaintiff's choice of forum is generally entitled to a substantial weight, when a given action has a limited connection with the forum and is not the plaintiff's residence, the plaintiff's choice is to be afforded less weight than would otherwise be the case. *Lisenbee v. Fedex Corp.*, 579 F.Supp.2d 993, 1007 (M.D. Tenn. 2008). The plaintiff's interest decreases even further where the central facts of the lawsuit occurred outside the chosen forum. *Id*. Moreover, in class actions less weight is given to Plaintiff's choice of forum. *In re Nematron Corp. Securities Litigation,* 30 F.Supp.2d 397, 405 (S.D. N.Y. 1998).

Here, Plaintiff has showed a very limited connection to this forum, one that is present in many other fora in the U.S. Even if Defendant's alleged misrepresentations were directed to Tennessee, as well as all other states, that fact does not make Tennessee a forum which has a significant contact with the operative facts. Misrepresentations and omissions are deemed to occur in the district where they are transmitted or withheld, not where they are received. *In re Nematron,* 30 F.Supp.2d at 404.

Arkansas bears a much stronger connection to the events underlying this action than does Tennessee, which has no greater connection than any other district in which any potential class member resides. The Court finds that it is not in the public interest to empanel a jury from this community to hear a case having no connection to this district. Neither party has presented proof that witnesses would be unwilling to travel to either Arkansas or Tennessee, despite Plaintiff's arguments about the airports. None of the witnesses Plaintiff identifies lives in either Arkansas or Tennessee.

Of all the potential host districts, the Court believes the Western District of Arkansas is the logical situs for resolution of this dispute. Plaintiff argues basically that Wal-mart is big ("a true

Goliath") and that Plaintiff simply wants to level the playing field.  Plaintiff did not file this action in Michigan where Plaintiff is located, however.  Plaintiff filed this action in Tennessee, where neither Plaintiff, Defendant, nor the alleged misconduct has any substantial connection.  Plaintiff's arguments concerning access to witnesses, documents and evidence do not weigh in favor of Tennessee.

It is well established that the interest of justice alone may dictate transferring an action to another federal district court.  *Hooker v. Burson*, 960 F.Supp. 1283, 1291 (M.D. Tenn. 1996).  In this case, related shareholder derivative actions are pending in the Western District of Arkansas.  Transferring this action to Arkansas will also help to avoid potential conflicting findings concerning the facts underlying these allegations.  The interests of justice are best served by transferring this action to Arkansas.

## CONCLUSION

For these reasons, Defendant's Motion to Transfer is GRANTED.  The Court, in its discretion, finds that the interests of justice and the convenience of the parties and witnesses require that this action be tried in the Western District of Arkansas.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE