IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CITY OF PONTIAC GENERAL
EMPLOYEES' RETIREMENT SYSTEM,
Individually and on Behalf of All Others
Similarly Situated                                                                    PLAINTIFF

VS.                                        CASE NO. 12-CV-5162

WAL-MART STORES, INC. and
MICHAEL T. DUKE                                                                DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation ("R&R") filed May 8, 2014, by the

Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas.  ECF

No. 133.  Judge Setser recommends that Defendants' Motion to Dismiss (ECF No. 89) pursuant to

Fed. R. Civ. P. 12(b)(6) be denied.  Defendants have responded with timely objections  ECF No.

134.  Plaintiff has filed a response to the objections.  ECF No. 137.  Defendants have filed a reply.

ECF No. 138.  The Court finds that this matter is ripe for its consideration.

This case arises out of allegations published by *The New York Times* in an article describing

an alleged bribery scheme that occurred in Mexico prior to 2005.  According to the article, certain

company officials at Wal-Mart's Mexican subsidiary allegedly paid bribes to obtain permits for new

stores in Mexico.  Based on this allegation, Plaintiff filed this putative securities fraud class action

lawsuit.  Plaintiff names as Defendants Wal-Mart and Michael T. Duke, the Vice Chairman and the

head of Wal-Mart International from 2005 until 2009, when he became Wal-Mart's Chief Executive

Officer and President and a member of Wal-Mart's Board of Directors.  Plaintiff alleges violations

of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and 78t(a),

and violations of the Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5.

On December 8, 2011, Defendants filed with the Securities and Exchange Commission ("SEC") a form containing the following statement:

> During fiscal year 2012, the Company began conducting a voluntary internal review of its policies, procedures and internal controls pertaining to its global anti-corruption compliance program. As a result of information obtained during that review and from other sources, the Company has begun an internal investigation into whether certain matters, including permitting, licensing and inspections, were in compliance with the U.S. Foreign Corrupt Practices Act. The Company has engaged outside counsel and other advisors to assist in the review of these matters and has implemented, and is continuing to implement, appropriate remedial measures. The Company has voluntarily disclosed its internal investigation to the U.S. Department of Justice and the Securities and Exchange Commission. We cannot reasonably estimate the potential liability, if any, related to these matters. However, based on the facts currently known, we do not believe that these matters will have a material adverse effect on our business, financial condition, result of operations or cash flows.

(ECF No. 89, p. 38.) Plaintiff alleges that this statement deceived the investing public by omitting the fact that Wal-Mart learned of suspected corruption in 2005 and conducted an internal investigation in 2006 (hereinafter referred to as the "2005-2006 events"). According to Plaintiff, the statement was misleading because it could have left investors with the impression that Defendants *first* learned of the suspected corruption in fiscal year 2012, promptly began an investigation, and then referred the matter to the Department of Justice and SEC.

A heightened pleading standard is required by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)[1], which provides that a securities plaintiff must satisfy the following

---

[1]Section 10(b) makes it unlawful "to use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78j(b). "Rule 10b-5 implements [§10(b)] by making it unlawful to, among other things, 'make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.'" *Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1317 (2011) (quoting 17 C.F.R. § 240.10b-5(b)).

standards: (1) the plaintiff must plead falsity by specifying each allegedly misleading statement and the reasons why each statement is misleading, 15 U.S.C. § 78u-4(b)(1); and (2) the plaintiff must plead scienter by "stat[ing] with particularity facts giving rise to a strong inference that the defendants acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). To prevail on a § 10(b)/Rule 10(b)-5 claim, a plaintiff must show: (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation. *Stoneridge Inv. Partners, LLC v. Sci.-Atl., Inc.*, 552 U.S. 148, 157 (2008).

First, Defendants object to Judge Setser's conclusion that the December 2011 statement is actionably false or misleading. An omission is considered false or materially misleading when there is a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having "significantly altered the total mix of information made available." *See Basic Inc. V. Levinson*, 485 U.S. 224, 231 (1988). Here, Judge Setser found that Plaintiff sufficiently alleges that Defendants' omission from their 2011 statement of the 2005-2006 events renders that statement materially misleading to a reasonable investor. The Court agrees.

Defendants specifically argue that Judge Setser "confused materiality with a duty to disclose" and imposed a disclosure obligation on the mere basis that investors would have wanted to know this information. ECF No. 134, pp. 12-13. Defendants further assert that Judge Setser improperly held that Defendants owed a duty to disclose the suspected corruption in 2005 and 2006. Judge Setser, however, made no such holding. She properly applied the standard regarding materiality and did not impose any improper disclosure obligation on Defendants. She correctly noted that, without any reference to the 2005 and 2006 events, a reasonable investor could have been left with the

impression that Defendants first learned of the suspected corruption in fiscal year 2012, which prompted their investigation and self-reporting to the SEC and Department of Justice. The Court agrees with Judge Setser that it is likely that the disclosure of the 2005-2006 events would have been viewed by a reasonable investor as having significantly altered the total mix of information available.

Defendants argue that Judge Setser erroneously found falsity by hindsight when she compared the stock market's reaction to Defendants' 2011 statement to the market's reaction to Defendants' 2012 statement in which they acknowledged the 2005-2006 events. In June 2012, when Wal-Mart disclosed the events of 2005 and 2006, Wal-Mart's stock price fell significantly. This drop in stock price did not happen after the December 2011 statement in which the 2005-2006 events were omitted.

Defendants correctly point out that it is improper to use hindsight to establish falsity based on facts that did not occur or were not known by a defendant until after his statement. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735 742 (8th Cir. 2002). Judge Setser, however, did not use this information to find falsity. Instead, she used the information to gauge the materiality of Defendants' omission. "'A significant change in stock price upon disclosure of withheld information is strong evidence that the information was material.'" *Public Pension Fund Group v. KV Pharm.*, 679 F.3d 972, 983 (8th Cir. 2012) (quoting *Detroit Gen. Ret. Sys. v. MedTronic, Inc.*, 621 F.3d 800, 805 (8th Cir. 2010)).

Defendants contend that Plaintiff's Amended Complaint should be dismissed because the statement made by Defendants in December 2011 was true and that Judge Setser ignored the "actual wording" of the statement. ECF No. 134, p. 21. Defendants urge a "more reasonable, plain-English reading" of the statement. *Id*. Far from ignoring the actual wording of Defendants' statement, Judge

-4-

Setser quoted it in its entirety.  ECF No. 133, p. 3.  Judge Setser carefully assessed Defendants'
actual words and reached the conclusion that they could have been misleading to the reasonable
investor even if they might be "technically true."  ECF No. 133, p. 10.   Judge Setser correctly
identified that the issue here is whether Defendant omitted a material fact from the December 2011
statement.  She then found that the statement, because of the omission, could have left a reasonable
investor with the impression that Defendants first learned of the suspected corruption during fiscal
year 2012—an impression that would be untrue.  The Court agrees with Judge Setser's conclusion
that Plaintiff sufficiently alleges an actionable materially misleading statement.

Moving now to the scienter requirement, Defendants argue that Judge Setser erred in
concluding that Plaintiff adequately pled a strong inference of scienter.  First, Defendants complain
about the length of Judge Setser's scienter analysis, calling it "cursory." ECF No. 134, p. 23.  Then,
Defendants, once again, state that Judge Setser was "confused" about the scienter requirement,
accepted implausible inferences, failed to properly evaluate competing plausible inferences, and
improperly imputed intent to Defendant Duke.  The Court disagrees.

The inquiry is whether all of the facts alleged, taken collectively, give rise to a strong
inference of scienter.  *Minneapolis Firefighters' Relief Ass'n v. MEMC Elec. Materials, Inc.* , 641
F.3d 1023, 1029 (8th Cir. 2011).  The Eighth Circuit recognized that "a strong inference of the
required scienter may arise where the complaint sufficiently alleges that the defendants . . . knew
facts or had access to information suggesting that their public statements were not accurate."
*Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 827 (8th Cir. 2003).  Scienter can also be established
by conduct which rises to the level of severe recklessness.  *MedTronic*, 621 F.3d at 808.  In
determining whether the pleaded facts give rise to a strong inference of scienter, the Court must take
into account plausible opposing inferences.  *Minneapolis Firefighters' Relief Ass'n*, 641 F.3d at

1029.  A complaint will only survive if a reasonable person would deem the inference of scienter cogent and at least compelling as any opposing inference one could draw from the facts alleged. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323-24 (2007).

Here, Judge Setser found that Plaintiff sufficiently alleges that when Defendants made the December 2011 statement, they knew certain facts or had access to information suggesting that this statement was not entirely accurate.  Plaintiff allege that, in October 2005, a top Wal-Mart attorney gave a detailed description of the suspected corruption allegations to Duke and that Duke rejected calls for a legitimate independent investigation in 2006 and instead assigned the investigation to the very office implicated in the corruption scheme.  Plaintiff further alleges that Wal-Mart recognized the materiality of the 2005-2006 events because it reported these events in a June 2012 form.

Plaintiff also alleges that Defendants knew that the omission in the December 2011 statement of the 2005-2006 events was materially misleading.  The information that Defendants consciously chose to omit include facts about when and how Defendants first learned of the suspected corruption and how they first responded to these allegations.  It was only after the *New York Times* article was published that Defendants acknowledged that the suspected corruption was the subject of allegations in 2005 and that there were questions about how Defendants handled these allegations in 2005-2006. Plaintiff alleges that this shows that Defendants were concerned about exposure of their alleged mishandling of the suspected corruption.  The inference that Defendants intentionally omitted certain information is just as strong, if not stronger, than any competing plausible inference.  The Court agrees with Judge Setser's straightforward reasoning and conclusion that Plaintiff sufficiently alleges allegations that both Defendants acted with the requisite scienter.

-6-

Based on its de novo review and its consideration of the parties' arguments, the Court overrules Defendants' objections and adopts the Report and Recommendation *in toto*.  ECF No. 133. Defendant's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED**, this 26th day of September, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge