IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM,<br>Individually and on Behalf of All Others Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., and MICHAEL T. DUKE,<br><br>Defendants. | No. 5:12-cv-05162 SOH |

**DEFENDANTS' NOTICE OF CASE UPDATE**

Defendants respectfully submit this Notice of Case Update in support of their Motion to Sequence Class and Merits Discovery, Dkts. 150, 151. As Defendants noted in their Reply in support of their Motion, the Eighth Circuit granted a Rule 23(f) petition for interlocutory review of a class certification order granted in *IBEW Local 98 Pension Fund v. Best Buy Co.* ("*Best Buy*"), No. 0:11-cv-00429-DWF-FLN, in order to address, among other things, what will likely be one of the principal contested issues at class certification in this case: how a securities class action defendant may rebut the fraud-on-the-market presumption by demonstrating lack of price impact at the class certification stage under *Halliburton Co. v. Erica P. John Fund, Inc.* (*Halliburton II*), 134 S. Ct. 2398 (2014) and related authorities. Dkt. 157 at 14 (citing *IBEW Local 98 Pension Fund v. Best Buy Co.*, No. 14-8020, Dkt. ID 4200062 (8th Cir. Sept. 24, 2014); *id.* Dkt. ID 4200426 (8th Cir. Sept. 25, 2014)).

Attached as Exhibit A to this Notice is the *Best Buy* defendants-appellants' opening brief filed in the Eighth Circuit. *See also IBEW Local 98 Pension Fund v. Best Buy Co.*, No. 14-3178, Dkt. ID 4222478 (8th Cir. Dec. 4, 2014). The opening brief asks the Eighth Circuit to resolve two issues directly affecting this litigation: (1) the appropriate apportionment of burden of proof at class certification; and (2) whether price impact (rather than the distinct issue of loss causation) may be demonstrated by showing a subsequent price decline after release of negative information, even where (as here) there is no statistically significant price increase or movement at the time of the alleged misstatements and the connection between the alleged misstatement and the later release of negative (but not truly "corrective") information is tenuous at best. Defendants-appellants argue that the District of Minnesota erred in finding that plaintiffs adequately demonstrated price impact—despite defendants' uncontroverted evidence that the challenged misstatements did not move Best Buy's stock price at the time of their disclosure—by

1

*assuming* stock price inflation and looking solely to evidence of *later* price declines upon the release of negative (but not corrective) information. *E.g.*, *id.* at 12, 23–25, 33–37, 48–49. Defendants-appellants contend that the district court misconstrues *Halliburton II* and the cases on which it relies by conflating price impact ("transaction causation" measured at the time of the alleged misstatement) with the distinct concept of loss causation (proximate causation measured at the time of the later price decline or disclosure); and that these errors would allow securities plaintiffs effectively to bar defendants from ever rebutting the presumption as contemplated by *Halliburton II*, *Erica P. John Fund, Inc. v. Halliburton Co. ("Halliburton I")*, 131 S. Ct. 2179 (2011), and *Basic Inc. v. Levinson*, 485 U.S. 224 (1988). *Id.* at 19–25. Defendants-appellants also argue that allowing plaintiffs to overcome lack of front-end price impact by simply pointing to back-end price declines following non-corrective statements would result in the kind of fraud-by-hindsight the case law and statutes proscribe. *Id.* at 31–32.

Attached as Exhibit B to this Notice is an amicus curiae brief filed by the Securities Industry and Financial Markets Association ("SIFMA") in support of defendants-appellants and their arguments for reversal of the *Best Buy* class certification decision. *See also IBEW Local 98 Pension Fund v. Best Buy Co.*, No. 14-3178, Dkt. ID 4225147 (8th Cir. Dec. 11, 2014). In addition to reinforcing defendants-appellants' arguments regarding demonstration of price impact, SIMFA explained the heavy costs to individual corporations as well as the U.S. economy as a whole that would result from any rule that would allow plaintiffs to overcome the price impact hurdle through the application of lax burdens of proof or overbroad definitions of price impact that prohibit defendants from properly exercising their right to rebut the fraud-on-the-market presumption as required by *Halliburton II*. *See id.* at 16–20.

Here, Plaintiff conceded that there was "no significant [stock] price movement"

2

following the December 8, 2011 Form 10-Q disclosure at issue, Dkt. 153 at 16–17, and failed to identify any reason to believe that price declines following the *New York Times* article were a reaction to anything stated in Wal-Mart's December 8, 2011 Form 10-Q. Dkt. 157 at 13–14. Yet Plaintiff's Opposition to Defendants' Motion to Sequence in this action revealed that Plaintiff's counsel—whose firm also represents the plaintiffs in *Best Buy*—will invite this Court to make the very same kind of "fraud-by-hindsight" errors identified by the *Best Buy* defendants-appellants in their opening brief. Dkt. 153 at 15–17 (arguing that "the only relevant inquiry is whether the later revelation of . . . information demonstrated a price impact"). At the very least, then, there are substantial questions as to whether Plaintiff can overcome the evidence Defendants will put forth demonstrating lack of price impact—questions the Eighth Circuit's decision likely will impact or clarify. Briefing in *Best Buy* will conclude in January or February 2015.[1] Sequencing class discovery—especially as it relates to price impact and reliance—ahead of merits discovery is especially appropriate here in light of this forthcoming authority.

| | |
|---|---|
| DATED: December 15, 2014 | Respectfully submitted, |
| | */s/ Jess Askew III* |
| THEODORE J. BOUTROUS JR. | JESS ASKEW III (Ark. Bar No. 86005) |
| JONATHAN C. DICKEY | jess.askew@kutakrock.com |
| MARK A. PERRY | TERESA WINELAND (Ark. Bar No. 81168) |
| GEORGE H. BROWN | teresa.wineland@kutakrock.com |
| BRIAN M. LUTZ | KUTAK ROCK LLP |
| GIBSON DUNN & CRUTCHER LLP | 124 WEST CAPITOL AVENUE, SUITE 2000 |
| 333 SOUTH GRAND AVENUE | LITTLE ROCK, AR 72201 |
| LOS ANGELES, CA 90071-3197 | TELEPHONE: (501) 975-3000 |
| TELEPHONE: (213) 229-7000 | FAX: (501) 975-3001 |
| FAX: (213) 229-7520 | |

*Counsel for Wal-Mart Stores, Inc. and Michael T. Duke*

---

[1] Absent extension, appellees' brief must be filed by January 2, 2015, and the reply brief by no later than January 16, 2015. The Eighth Circuit denied appellees' initial request for an extension of time to file their response brief. *IBEW Local 98 Pension Fund v. Best Buy Co.*, No. 14-3178, Dkt. ID 4222879 (8th Cir. Dec. 5, 2014). No oral argument has been set yet.

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of December, 2014, I electronically filed the foregoing with the Clerk of Court using the Electronic Case Filing system, which will send notification of such filing to the following counsel for Plaintiff:

**BARRETT JOHNSTON MARTIN & GARRISON, LLC**
Jerry E. Martin
Douglas S. Johnston, Jr.
Timothy K. Miles
414 Union Street, Suite 900
Nashville, TN 37219
Tel: 615-244-2202
Fax: 615-252-3798

**ROBBINS GELLER RUDMAN & DOWD LLP**
Darren J. Robbins
David C. Walton
Jason A. Forge
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: 619-231-1058
Fax: 619-231-7423

**PATTON, TIDWELL, SCHROEDER & CULBERTSON, L.L.P.**
Nicholas H. Patton
Geoffrey P. Culbertson
2800 Texas Boulevard
Texarkana, TX 75503
Tel:  903-792-7080
Fax:  903-792-8233

/s/ *Jess Askew III*
Jess Askew III