IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CITY OF PONTIAC GENERAL
EMPLOYEES' RETIREMENT
SYSTEM,
Individually and on Behalf of All Others
Similarly Situated                                   **PLAINTIFF**

v.                        Case No. 5:12-cv-5162

WAL-MART STORES, INC. and
MICHAEL T. DUKE                                 **DEFENDANTS**

<u>ORDER</u>

WHEREAS, a securities class action is pending in this Court entitled *City of Pontiac General Employees' Retirement System v. Wal-Mart Stores, Inc., et al.*, No. 5:12-cv-05162 (the "Litigation");

WHEREAS, on October 26, 2018, the parties to the Litigation, Lead Plaintiff City of Pontiac General Employees' Retirement System ("PGERS"), on behalf of itself and the other Members of the Class, and defendants Walmart Inc. ("Walmart") and Michael T. Duke (together, "Defendants," and, collectively with Lead Plaintiff, the "Settling Parties") entered into the Stipulation of Settlement (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the Exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in any of the complaints filed in this Litigation on the merits and with prejudice;

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in

accordance with the Stipulation and allowing notice to Members of the Class as more fully described herein;

WHEREAS, the parties to the Stipulation having consented to the entry of this Order;

WHEREAS, the Court having read and considered: (a) Lead Plaintiff's unopposed motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the accompanying Exhibits attached thereto;

WHEREAS, unless otherwise specified all capitalized terms used, but not otherwise defined, herein have the same meanings as set forth in the Stipulation;[1]

NOW THEREFORE, IT IS HEREBY ORDERED, this 4th day of December, 2018, that:

1. The Court hereby preliminarily approves the Stipulation and the Settlement set forth therein as being fair, reasonable and adequate to Class Members (defined in ¶1.5 of the Stipulation), subject to further consideration at the Settlement Hearing described in ¶2 below.

2. A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held on April 4, 2019, at 10:00 a.m. CT, at the United States Courthouse in Hot Springs, Arkansas, for the following purposes:

---

[1]The Exhibits attached to the Stipulation filed with the Court are incorporated herein as though set forth in this Order.

(a)     to determine whether the proposed Settlement is fair, reasonable and adequate to Class Members, and should be approved by the Court;

(b)     to determine whether the Judgment as provided under the Stipulation should be entered, dismissing the Litigation on the merits and with prejudice, and to determine whether the release by the Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)     to determine whether the release by the Released Defendant Parties of the Released Defendants' Claims, as set forth in the Stipulation, should be provided;

(d)     to determine whether the proposed Plan of Allocation of the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)     to consider Lead Counsel's application for an award of attorneys' fees and expenses, including Lead Plaintiff's expenses; and

(f)     to rule upon such other matters as the Court may deem appropriate. Notice of the Settlement and the Settlement Hearing shall be given to the Members of the Class as set forth in ¶¶8 and 11 of this Order.

3.     The Court may adjourn the Settlement Hearing without further notice to the Class and reserves the right to approve the Settlement, including, if appropriate, with any such modifications as may be agreed to by the parties without further notice to the Class. The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the Litigation on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

4. Defendants shall no later than ten (10) calendar days following the filing of the Stipulation with the Court serve upon the appropriate State official of each State in which a Class Member resides and the Attorney General of the United States a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715, *et seq.* ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.

5. The Court approves the form, substance and requirements of: the Notice of Proposed Settlement of Class Action (the "Notice"); the Proof of Claim and Release form (the "Proof of Claim"); and the Summary Notice, annexed to the Stipulation as Exhibits A-1, A-2, and A-3, respectively, and finds that the form, content, and mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶8 and 11 of this Order, (i) meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, *et seq.*, as amended, and all other applicable laws and rules; (ii) is the best notice practicable under the circumstances; (iii) constitutes due and sufficient notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation, of the effect of the proposed Settlement (including the releases to be provided thereunder), of Lead Counsel's application for an award of attorneys' fees and expenses, including Lead Plaintiff's expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; and (iv) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the

proposed Settlement. The date and time of the Settlement Hearing and all deadlines in connection therewith shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

6.    The Court approves the appointment of Gilardi & Co. LLC as the Claims Administrator to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Proofs of Claim as more fully set forth below.

7.    Within ten (10) business days of the date of entry of this Order, Walmart shall provide or cause Walmart's transfer agent to provide to the Claims Administrator reasonably available transfer records in electronic searchable form, such as Excel, containing the names and addresses of Persons who purchased or otherwise acquired Walmart publicly traded common stock during the Class Period.

8.    No later than January 4, 2019 (the "Notice Date"), the Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed to the Stipulation as Exhibits A-1 and A-2, to be mailed by First-Class Mail, postage prepaid, to all potential Class Members who can be identified with reasonable effort. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired Walmart publicly traded common stock during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed, within seven (7) business days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names

and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim to beneficial owners. Lead Counsel shall, at least fifteen (15) calendar days prior to the Settlement Hearing, file with the Court proof, by affidavit or declaration, of mailing of the Notice and Proof of Claim.

9. The Escrow Agent or its agents are authorized and directed to prepare any tax returns and any other tax reporting form required to be filed on behalf of or in respect of the Settlement Fund, to cause any Taxes due and owing to be paid from the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation without further order of the Court.

10. Lead Counsel shall submit its papers in support of final approval of the Settlement, the Plan of Allocation, and application for attorneys' fees and expenses, including Lead Plaintiff's expenses, by no later than thirty-five (35) calendar days prior to the Settlement Hearing. All reply papers in support of such motions shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

11.     The Claims Administrator shall cause the Summary Notice to be published twice in the national edition of *The Wall Street Journal* and once over the *Business Wire* within seven (7) calendar days of the Notice Date.  Lead Counsel shall, at least fifteen (15) calendar days prior to the Settlement Hearing, file with the Court proof, by affidavit or declaration, of the publication of the Summary Notice.

12.     In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a)     A properly executed Proof of Claim, substantially in the form attached to the Stipulation as Exhibit A-2, must be submitted to the Claims Administrator, online at www.WalmartSecuritiesSettlement.com or at the Post Office Box indicated in the Notice, postmarked or submitted electronically no later than April 15, 2019.  Such deadline may be further extended by Court order.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.  Lead Counsel may, at its discretion, direct the Claims Administrator to accept late submitted claims if they will not materially delay distribution of the Net Settlement Fund, but will not incur any liability for declining to do so.

(b)     The Proof of Claim submitted by each Class Member must satisfy the following conditions:  (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein,

in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip or such other documentation as is deemed adequate by the Claims Administrator; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim to the satisfaction of the Claims Administrator; and (iv) it must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     By submitting a Proof of Claim, a Person shall be deemed to have submitted to the jurisdiction of this Court solely with respect to the claim submitted and the subject matter of the Settlement and shall (subject to effectuation of the Settlement) release all Released Claims as against the Released Defendant Parties provided in the Stipulation.

13.     Any Member of the Class who does not submit a Proof of Claim in the manner stated in this Order or whose Proof of Claim is not otherwise approved by the Court shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund and shall forever be barred from sharing in the Net Settlement Fund.  In all other respects, however, any such Member of the Class shall be subject to and bound by all of the terms of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Litigation relating thereto, including, without limitation, the Judgment and the releases provided for therein, whether favorable or unfavorable to the Class and will be barred from commencing, maintaining, or prosecuting any of the Released Claims

against the Released Defendant Parties unless such Member of the Class has submitted a request to be excluded from the Class in the manner required by this Order. Notwithstanding the foregoing, late Proofs of Claim may be accepted for processing as set forth in ¶12 above.

14. Class Members shall be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A putative Class Member wishing to make such request shall mail the request to the Claims Administrator by First-Class Mail postmarked no later than March 14, 2019, to the address designated in the Notice. Such request for exclusion shall clearly indicate the name, address, and telephone number of the Person seeking exclusion, that the sender requests to be excluded from the Class and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares of Walmart publicly traded common stock they purchased, acquired, and sold during the Class Period. The request for exclusion shall not be effective unless it provides all the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court in a manner and with timing not inconsistent with the right of Walmart to terminate the Settlement pursuant to the Stipulation. Putative Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice. The Claims Administrator is authorized to request from any Person requesting exclusion documentation sufficient to prove his, her, or its purchases, acquisitions and/or sales of Walmart publicly traded common stock during the

Class Period. Copies of all requests for exclusion shall be provided to Defendants' Counsel, as expeditiously as possible, but in no event later than ten (10) business days before the Settlement Hearing.

15. All Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class.

16. Any Class Member that does not request exclusion from the Class may file objections to the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees and expenses, including Lead Plaintiff's expenses. Any such objections and any supporting papers shall be filed with the Court on or before March 14, 2019, and also delivered by hand or First-Class Mail to Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101; and Peter A. Wald, Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, CA 94111, by that same date. Any such objection must: (a) clearly indicate the objector's name, mailing address, daytime telephone number and e-mail address; (b) state that the objector is objecting to the proposed Settlement, Plan of Allocation, and/or fee and expense application in *City of Pontiac General Employees' Retirement System v. Wal-Mart Stores, Inc., et al.*, No. 5:12-cv-05162; (c) specify the reason(s), if any, for the objection, including any legal support for such objection; (d) state the number of shares of Walmart publicly traded common stock owned as of the beginning of trading on December 8, 2011 (the first day of the Class Period); (e) list the date(s), price(s) and number(s) of shares of Walmart publicly traded common stock purchased, acquired and sold during the Class

Period; and (f) provide written documentation (whether from the objector's bank, broker or otherwise) of such trading. In order to be considered, an objection also must be signed by the Class Member making the objection. Attendance at the Settlement Hearing is not necessary. However, any persons wishing to be heard orally, either individually or through counsel of his, her, or its own choice, in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request by Lead Counsel for attorneys' fees and expenses, are required to indicate in their written objection their intention to appear at the Settlement Hearing and to include in their written objection the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval. Lead Counsel and Defendants' Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

17. Any Class Member who does not object to the Settlement and/or the Plan of Allocation, and any Class Member who does not object to Lead Counsel's application for an award of attorneys' fees and expenses in the manner prescribed herein and in the Notice, shall be deemed to have waived such objection and his, her, or its right to object to the Settlement, this Order, the Judgment, the Plan of Allocation, and Lead Counsel's application for an award of attorneys' fees and expenses, shall be deemed a Class Member and shall forever be barred and foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, this Order, the Final Judgment, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees and expenses, and from otherwise being heard concerning the Settlement, this Order, the

Judgment, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees and expenses in this or any other proceeding.

18.    Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action that asserts Released Claims against any Released Defendant Parties.

19.    Any Class Member may enter an appearance in the Litigation, at his/her/its own expense, individually or through counsel of his/her/its own choice. If he/she/it does not enter an appearance, he/she/it will be represented by Lead Counsel.

20.    All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither Lead Plaintiff nor any Class Member, either directly, representatively or in any other capacity shall commence or prosecute against any of the Released Defendant Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

21.    The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No person who is not a Class Member or Lead Plaintiff's Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

22.    The contents of the Settlement Fund held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction

of the Court until such time as such funds shall be distributed pursuant to this Order, the Stipulation, the Plan of Allocation, and/or further orders of the Court.

23.     All reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation.

24.     If (a) the Settlement is terminated by Walmart pursuant to ¶7.3 of the Stipulation; or (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and Lead Counsel or Defendants elects to terminate the Settlement as provided in the Stipulation, then, in any such event, the terms of ¶¶7.6 and 7.7 of the Stipulation shall apply, and this Order shall be null and void, of no further force or effect, without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position in this Litigation as it existed prior to September 24, 2018.

25.     The Released Defendant Parties shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modifications thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation.

26. Neither the Settlement, the Stipulation (whether or not consummated), including the Exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation and the Settlement, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any allegations by Lead Plaintiff or any Member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Defendants or in any way referred to for any other reason as against any of the Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered or received against any Defendant as evidence of a presumption, concession, or admission of any fault, misrepresentations, or omission with respect to any statement or written document approved or made by any Defendant, or against Lead Plaintiff or any Member of the Class as evidence of any infirmity in the claims of Lead Plaintiff and the Class; (c) shall be offered or received against any Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal, or administrative action or proceeding;

provided, however, that if the Stipulation is approved by the Court, the Released Defendant Parties may refer to it to effectuate the release granted them hereunder; or (d) shall be construed against Defendants, Lead Plaintiff, or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided however, that if the Stipulation is approved by the Court, the Releasing Plaintiff Parties and the Released Defendant Parties and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27. Pending final determination of whether the proposed Settlement should be approved, neither the Lead Plaintiff, nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

28. The Court's orders entered during this Litigation relating to the confidentiality of information shall survive this Settlement. With the exception of documents that are already in the public record as of the Effective Date, within sixty (60) days after the Effective Date, Lead Plaintiff and Lead Counsel agree to return to Defendants' Counsel all documents and other materials produced by Defendants in the course of the Litigation and subject to the Protective Order entered in the Litigation, including, but not limited to, any transcripts and exhibits of depositions and documents that only portions of which have been publicly disclosed, or to destroy such documents and certify such destruction in writing to Defendants' Counsel.

29.     The Court retains jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement, except the Supplemental Agreement.

**IT IS SO ORDERED**, this 6th day of December, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge