IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CITY OF PONTIAC GENERAL
EMPLOYEES' RETIREMENT
SYSTEM,
Individually and on Behalf of All Others
Similarly Situated                                                                    PLAINTIFF

v.                          Case No. 5:12-cv-5162

WAL-MART STORES, INC. and
MICHAEL T. DUKE                                                                      DEFENDANTS

**ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF PURSUANT TO 15 U.S.C. §78u-4(a)(4)**

This matter having come before the Court on April 4, 2019, on the motion of Lead Counsel for an award of attorneys' fees and expenses and an award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Litigation to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated October 26, 2018 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

3. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure and the Court's Order preliminarily approving the Settlement and providing for notice dated

December 6, 2018 (ECF No. 442) (the "Preliminary Approval Order"), due and adequate notice was directed to all Class Members, including individual notice to those Class Members who could be identified through reasonable effort, advising them of Lead Counsel's request for attorneys' fees and expenses and payment to Lead Plaintiff in connection with its representation of the Class, and of their right to object thereto, and a full and fair opportunity was accorded to Class Members to be heard with respect to the request for attorneys' fees and expenses. The Court has reviewed the objections sent in the form of letters to counsel and/or the Court and finds that all objections to the settlement are overruled.[1]

4. The Court hereby awards Lead Counsel attorneys' fees of 30% of the Settlement Fund, plus expenses in the amount of $616,964.66, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.

5. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) the Settlement has created a fund of $160,000,000.00 in cash that has been funded into escrow under the Stipulation, and Class Members who submit acceptable Proof of Claim and Release forms will benefit from the Settlement that occurred solely due to the efforts of Lead Counsel;

(b) the fee sought by Lead Counsel has been reviewed and approved as reasonable by Lead Plaintiff, an institutional investor that was actively involved in overseeing the prosecution and resolution of the Litigation;

---

[1] The Court notes that, as of the date of the hearing, neither the five individuals nor the entity who appear to object to the settlement have filed claims in this lawsuit.

(c) copies of the Notice were mailed to over 1.7 million potential Class Members and nominees stating that Lead Counsel would apply to the Court for an award of attorneys' fees for all Lead Plaintiff's Counsel in an amount not to exceed 30% of the Settlement Amount, and expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against Defendants, in an amount not to exceed $1,000,000.00, plus interest on both amounts. The Notice advised Class Members of their right to object to Lead Counsel's motion for attorneys' fees and expenses, and a full and fair opportunity was accorded to persons who are Class Members to be heard with respect to the motion. All objections have been reviewed by the Court and overruled;

(d) Lead Counsel conducted the Litigation and achieved an exceptional Settlement with skill, perseverance, and diligent advocacy;

(e) the Litigation involves complex factual and legal issues, and, in the absence of Settlement, would involve further lengthy proceedings with uncertain resolution if the case were to proceed to trial;

(f) Lead Counsel pursued the Litigation on a contingent basis, having received no compensation during the Litigation, and any fee award has been contingent on the result achieved;

(g) the amount of attorneys' fees is consistent with awards in cases that achieved less-significant class recoveries and supported by public policy; and

(h) the amount of expenses awarded is fair and reasonable and these expenses were necessary for the prosecution and settlement of the Litigation.

6. The fees and expenses shall be allocated among Lead Plaintiff's Counsel in a manner which, in Lead Counsel's good-faith judgment, reflects each such counsel's contribution to the institution, prosecution, and resolution of the Litigation.

7. Pursuant to 15 U.S.C. §78u-4(a)(4), Lead Plaintiff City of Pontiac General Employees' Retirement System is awarded $1,743.62 for its representation of the Class during the Litigation.

8. The awarded attorneys' fees and expenses and interest earned thereon shall immediately be paid to Lead Counsel subject to the terms, conditions, and obligations of the Stipulation, and in particular ¶6 thereof, which terms, conditions, and obligations are incorporated herein.

9. Any appeal or any challenge affecting the Court's approval of any attorneys' fee and expense application will in no way disturb or affect the finality of the Order and Final Judgment entered with respect to the Settlement.

10. The Court retains exclusive jurisdiction over the parties and Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

11. If the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order will be rendered null and void to the extent provided by the Stipulation.

12. Therefore, Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses and an Award to Lead Plaintiff Pursuant to 15 U.S.C. §78u-4(a)(4) is **GRANTED**.

**IT IS SO ORDERED**, this 8th day of April, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge